**Antoinette SMITH, Plaintiff–Appellant,**

v.

**RUSH–PRESBYTERIAN–ST. LUKE'S MEDICAL CENTER, Defendant–Appellee.**

No. 02–1962.

United States Court of Appeals, Seventh Circuit.

Submitted July 23, 2003.*

Decided July 24, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

## ORDER

Antoinette Smith, a medical transcriptionist, worked in the neonatology department of Rush–Presbyterian–St. Luke's Medical Center from 1991 to 1998. On February 20, 1998, Ms. Smith and a fellow employee, Dorothy Malecki, had a disagreement over the proper setting of the office thermostat. In the course of their argument, Ms. Smith (who is black) referred to Ms. Malecki (who is white) as a "racist bitch." Ms. Malecki reported the incident to hospital security; one week later, Ms. Smith was found to have violated sections E.1.03b and E.1.03j of Rush's Employee Code of Conduct, which prohibit the use of "profane, obscene, abusive, discourteous or threatening language" and the making of "false, vicious or malicious statements" against fellow employees. Her employment was terminated on February 27, 1998.

Ms. Smith filed a grievance with Rush, which was denied, and a charge with the EEOC, which was dismissed. She then sued Rush in the district court, alleging that the hospital violated the disparate-treatment and the hostile-environment provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* She also alleged violation of 42 U.S.C. § 1981, which prohibits impairment of contract on the basis of race, and breach of an oral promise of lifetime employment, allegedly made to her in 1996. The district court found that the breach-of-promise claim was barred by Illinois' statute of frauds, and that the § 1981 claim was barred by Illinois' two-year statute of limitations. The Title VII claims were defeated at summary judgment, because Ms. Smith failed to show either that her employer's reason for firing her was pretextual or that her work environment was pervasively hostile.

On appeal, Ms. Smith presents no developed argument as to why the district court erred. Her unsupported assertions that "it is clearly reasonable to conclude that Plaintiff-Appellant was terminated because of her race" are insufficient to overcome summary judgment. *See Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n. 1 (7th Cir.2001) (perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived). She also argues that the statute of limitations should not bar her § 1981 claim and that her alleged reliance on the promise of lifetime employment should overcome the statute of frauds, but these arguments are similarly undeveloped and unsupported by relevant authority. The district court's dismissal and its order of summary judgment are

AFFIRMED.